UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 00-6051
(CA-99-55)

Sherrod Robinson,

Petitioner - Appellant,

versus

H. J. Ponton, Sr., etc.,

Respondent - Appellee.

O R D E R

The court amends its opinion filed July 21, 2000, as follows:

On the cover sheet, section 5 -- the panel information is corrected to read:  "Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 00-6051

SHERROD ROBINSON,

Petitioner - Appellant,

versus

H. J. PONTON, SR., Superintendent, Baskerville
Correctional Center,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Chief District Judge. (CA-99-55)

Submitted: July 13, 2000       Decided: July 21, 2000

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Sherrod Robinson, Appellant Pro Se. William W. Muse, Assistant Attorney General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sherrod Robinson seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See <u>Robinson v. Ponton</u>, No. CA-99-55 (E.D. Va. Dec. 7, 1999).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[*] Although the district court's order is marked as "filed" on December 6, 1999, the district court's records show that it was entered on the docket sheet on December 7, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3